FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 SEP 26 AM 9:32

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.: GLR-14-0449 |
| ) | |
| v. ) | Filed: |
| ) | |
| KAWASAKI KISEN KAISHA, LTD. ) | Violation: 15 U.S.C. § 1 (Sherman Act) |
| ) | |
| Defendant. ) | |

## INFORMATION

THE UNITED STATES OF AMERICA, THROUGH ITS ATTORNEYS, CHARGES:

1. From at least February 1997 to September 2012 ("the relevant period"), Kawasaki Kisen Kaisha, Ltd. ("defendant") was a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan. During the relevant period, the defendant's U.S. subsidiary was headquartered at offices in Richmond, Virginia. During the relevant period, the defendant was engaged in the business of providing international ocean shipping services for roll-on, roll-off cargo to and from the United States and elsewhere. Roll-on, roll-off cargo is non-containerized cargo that can be both rolled onto and rolled off of an ocean-going vessel. Examples of such cargo include new and used cars and trucks and construction and agricultural equipment.

2. The Port of Baltimore, located in this District, is one of the largest ports in the United States for the import and export of new automobiles. During the relevant period, the defendant or its co-conspirators exported new cars and trucks affected by the offense charged herein from the Port of Baltimore.

3. Other corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

4. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Description of the Offense

5. During the relevant period, the exact dates being unknown to the United States, the defendant entered into and participated with its co-conspirators in a combination and conspiracy to suppress and eliminate competition by allocating customers and routes, rigging bids, and fixing prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere. The combination and conspiracy engaged in by the defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

6. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to allocate customers, rig bids, and to fix, stabilize, and maintain prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere.

## Means and Methods of the Conspiracy

7. For purposes of forming and carrying out the charged combination and conspiracy, the defendant and/or its co-conspirators did those things that they combined and conspired to do, including, among other things:

    (a) attended meetings or otherwise engaged in communications regarding certain bids and tenders for international ocean shipping services for roll-on, roll-off cargo;

(b)     agreed during those meetings and other communications to allocate customers by not competing for each other's existing business for certain customers on certain routes;

(c)     agreed during those meetings and other communications not to compete against each other on certain tenders by refraining from bidding or by agreeing on the prices they would bid on those tenders;

(d)     discussed and exchanged prices for certain customer tenders so as not to undercut each other's prices;

(e)     submitted bids in accordance with the agreements reached; and

(f)     provided international ocean shipping services for certain roll-on, roll-off cargo to and from the United States and elsewhere at collusive and non-competitive prices.

## Trade and Commerce

8.     Over the past forty years, the number of automobiles imported into, and exported from, the United States has increased substantially.  The business of shipping those automobiles (as well as other types of roll-on, roll-off cargo) across an ocean from one country to another has therefore grown as well.  During the relevant period, the defendant and its co-conspirators provided international ocean shipping services for roll-on, roll-off cargo imported into, and exported from, the United States.  Substantial quantities of such cargo, as well as payments for such services, traveled in interstate and foreign commerce.  The business activities of the defendant and its co-conspirators in connection with the international ocean shipment of roll-on, roll-off cargo to and from the United States were within the flow of, and substantially affected, interstate and foreign trade and commerce.

9.     The international ocean shipment of roll-on, roll-off cargo as used herein is defined as deep-sea or trans-ocean transportation and does not include short-sea or coastal water

freight transportation between the contiguous and non-contiguous states and territories of the United States.

## Jurisdiction and Venue

10.  The combination and conspiracy charged in this Information was carried out within the District of Maryland, at least in part, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

_____
William J. Baer
Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice

_____
Brent Snyder
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Carsten M. Reichel
Jon B. Jacobs
Craig Y. Lee
Richard A. Hellings, Jr.
Emma M. Burnham
United States Department of Justice
Attorneys, Antitrust Division
United States Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C. 20530
(202) 514-5012
carsten.reichel@usdoj.gov

_____
Marvin N. Price
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice